UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JORGE RAMOS                                                      PETITIONER

V.                                    CIVIL ACTION NO. 3:24-CV-508-KHJ-MTP

UNKNOWN WARDEN                                                   RESPONDENT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [9] Report and Recommendation. The [9] Report recommends dismissing pro se Petitioner Jorge Ramos's [1] Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 with prejudice because Ramos may not apply First Step Act (FSA) time credits to his sentence. [9] at 2–3. The Court adopts the [9] Report and dismisses Ramos's [1] Petition with prejudice.

I.   Background

In August 2024, Ramos—an alien currently incarcerated at the Federal Correctional Complex, Yazoo City—filed this habeas action challenging the Bureau of Prisons' (BOP) failure to apply FSA time credits that would shorten his sentence. [1] at 1–3. Ramos claims that BOP erroneously refused to apply his FSA time credits because Immigration and Customs Enforcement placed a detainer on him. *Id.* at 7. To support this conclusion, he contends that 18 U.S.C. §§ 3632(d)(4)(C) and 3624(g) do not disqualify prisoners subject to immigration detainers from earning FSA time credits. *Id.* But Ramos is not merely subject to an immigration detainer;

he is subject to a final order of removal. Landers Aff. [7-1] at 2–3, 9–10. So the Magistrate Judge recommended dismissing Ramos's [1] Petition with prejudice because prisoners subject to final orders of removal are ineligible to apply FSA time credits. [9] at 2–3 (citing 18 U.S.C. § 3632(d)(4)(E)(i)). In response, Ramos timely filed two [10, 12] Objections. *See* Envelope [12-1] at 2; Envelope [10-1] at 2.[1]

II.   Standard

When no party timely objects to a magistrate judge's report, the district court applies "the 'clearly erroneous, abuse of discretion[,] and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). But when a party objects to portions of the report, the district court must review those portions de novo. 28 U.S.C. § 636(b)(1). Even so, courts need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam), or consider "[f]rivolous, conclusive[,] or general objections . . . ." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). And parties cannot "raise a factual objection by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

---

[1] The Court liberally construes the Ramos's [12] Reply as a second objection to the [9] Report. *See Sause v. Bauer*, 585 U.S. 957, 960 (2018) (per curiam).

III.   Analysis

Ramos's [10, 12] Objections re-urge the same argument from his [1] Petition: There is no provision in Section 3632(d)(4)(C) or 3624(g) that precludes a prisoner subject to an immigration detainer or final order of removal from applying FSA time credits. *Compare* [12] at 3, *and* [10] at 2–3, *with* [1] at 7. The Court liberally construes these objections as challenging the [9] Report's legal conclusion that Ramos is ineligible to apply FSA time credits to his sentence due to his final order of removal. *See* [9] at 2–3.[2] So it reviews that conclusion de novo.

The [9] Report correctly rejected Ramos's argument. *See id.* Ramos does not contest that he is subject to a final order of removal. *See* [12]; [10]; *see also* [7-1] at 9. And despite Ramos's reassertions that an immigration detainer does not prevent a prisoner from applying FSA time credits, *see* [10] at 2–3, a final order of removal does. "A prisoner is ineligible to apply time credits under [Section 3632(d)(4)(C)] if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . of the Immigration and Nationality Act." § 3632(d)(4)(E)(i). So while Ramos is correct that Sections 3632(d)(4)(C) and 3624(g) do not disqualify him

---

[2] The Magistrate Judge noted that Ramos may have failed to exhaust his administrative remedies but recommended dismissing the [1] Petition on the merits in the interest of judicial economy. [9] at 3 n.1. Ramos's second objection contends that the Court should not require him to exhaust his administrative remedies because exhaustion would be futile. *See* [12] at 2. Despite Ramos's objection, the Court also declines to address the exhaustion issue. Assuming without deciding that Ramos could overcome the exhaustion bar, his habeas claim lacks merit. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194–96 (5th Cir. 2012) (per curiam) (affirming district court's alternative dismissal of Section 2241 petition on the merits where district court had also found that petitioner failed to exhaust administrative remedies).

from earning FSA time credits, Section 3632(d)(4)(E)(i) prohibits him from applying those credits to his sentence. Therefore, the Court overrules his [10, 12] Objections.

IV.   Conclusion

For the reasons stated above, the Court OVERRULES Ramos's [10, 12] Objections, ADOPTS Magistrate Judge Parker's [9] Report and Recommendation, and DISMISSES Ramos's [1] Petition WITH PREJUDICE. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 6th day of June, 2025.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE